UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

   No. 07-11885

  Plaintiff,   District Judge Arthur J. Tarnow

v.   Magistrate Judge R. Steven Whalen

DAVID J. BURNETT,

  Defendant.
             /

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss Based on Improper Venue [Docket #9], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the Defendant's motion be DENIED.

### I. FACTS

On April 30, 2007, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. In general terms, the Complaint alleges that when Plaintiff, who is Jewish, was returned to the custody of the MDOC based on a parole violation, he was improperly denied participation in the kosher meal program. He requested kosher meals while he was at the Macomb Regional Facility (MRF), which is located in the Eastern District of Michigan. Plaintiff states that while at the MRF, he "was forced to file a grievance as he was

-1-

unable to obtain any meetings with the institutional Chaplain, chaplain Archer." *Complaint*, ¶ 9. He alleges that on September 26, 2006, he finally met with the chaplain at the MRF, and "a number of religious concerns were discussed, including Plaintiff's formal request to be allowed to participate in the Kosher Meal Program." *Id.* At that time, Plaintiff was given a participation test, pursuant to MDOC policy, to ascertain his eligibility for the kosher meal program. *Id.*

Plaintiff states that on September 27, 2006, the MRF chaplain issued a written recommendation that he be placed in the kosher meal program, and "transferred to a Level I, Kosher facility." The chaplain forwarded this recommendation to Defendant Burnett, an MDOC administrator. *Id.*, ¶ 10. Burnett is employed by the MDOC in Lansing, Michigan, which is located in the Western District of Michigan.

On October 21, 2006, Chaplain Archer of the MRF informed the Plaintiff that Burnett had denied his request for placement in the kosher meal program. *Id.*, ¶ 11. While still at the MRF, Plaintiff filed administrative grievances regarding the denial of his request for kosher meals. *Id.*, ¶ 12.

Defendant Burnett moves to dismiss based on improper venue, arguing that since he is the only defendant, and since he is employed by the MDOC in Lansing, Michigan, venue lies in the Western District of Michigan.

## II. ANALYSIS

Venue is governed by statute. Where a complaint, such as the one before this Court,

is based on federal question jurisdiction, *see* 28 U.S.C. §1331, the controlling statute is 28 U.S.C. §1391(b), which provides that venue is proper in

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated, *or* (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." (Emphasis added).

Prior to 1990, §1391(b) prescribed that venue would lie "in the judicial district where all the defendants reside or where the claim arose." However, the current statute "was amended in 1990 in order to broaden the venue provisions." *First of Michigan Corp. v. Bramlet,* 141 F.3d 260, 263 (6th Cir.1998). Now, a plaintiff "may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *Id*. *See also Winnebago Tribe of Nebraska v. Babbitt*, 915 F.Supp 157, 166 (D.S.D. 1996) (amendment to §1391(b) "was intended to expand the number of venues available to a plaintiff"); *Setco Enterprises v. Robbins,* 19 F.3d 1278, 1281 (8th Cir.1994) ("Under the amended statute, we no longer ask which district among two or more potential forums is the 'best' venue ... Rather, we ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts").

In an action involving a state agency or department, such as the MDOC, it is not unusual that the defendant will be located in the state capitol, in this case Lansing. That does not mean that all such cases must be brought in the Western District, even when the named

defendant is located there. *See Bay County Democratic Party v. Land*, 340 F.Supp.2d 802, 806 -808 (E.D.Mich. 2004) (noting that Secretary of State and Director of Elections have an obligation "to perform their official duties not only in Lansing but throughout the State"). Rather, when a district other than the one where the state agency is headquartered has a "substantial connection" with the claim, or where action taken in the state capitol has an effect in the other district, venue in that other district is proper. *See Emison v. Catalano,* 951 F.Supp. 714, 722 (E.D.Tenn.1996) ("suits challenging official acts may be brought in the district where the *effects of the challenged regulations are felt* even though the regulations were enacted elsewhere") (emphasis added); *Farmland Dairies v. McGuire,* 771 F.Supp. 80, 82 n. 3 (S.D.N.Y.1991).

The Plaintiff in the present case was housed in a MDOC facility in the Eastern District when his cause of action accrued. His claims have a "substantial connection" with events that arose and occurred in the Eastern District, including his request for admission to the kosher meal program, his interview with and testing by the chaplain at the MRF, and the administrative grievances filed at MRF. He received notification of his denial at the MRF, and the effects of the Defendant's decision were felt not in Lansing, but at the MRF. Defendant Burnett may work in Western District of Michigan, but his decisions impact inmates' lives throughout the Eastern District.

Therefore, under 28 U.S.C. §1391(b), venue properly lies in the Eastern District of Michigan, and Defendant's motion to dismiss should be denied.

### III. CONCLUSION

I recommend that Defendant's Motion to Dismiss Based on Improper Venue [Docket #9] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 9, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 9, 2008.

<pre>
                                    S/G. Wilson                              
                                    Judicial Assistant
</pre>