# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DANIEL HORACEK,                  )        Case No. 07-11885

)

          Plaintiff.         )        Arthur J. Tarnow

)        District Judge

v.                               )

)        R. Steven Whalen

DAVID J. BURNETT,        )        Magistrate Judge

)

          Defendant.     )

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS [DE 35] AND [DE 40], DENYING DEFENDANT'S MOTION TO DISMISS [DE 9], AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [DE 6]

The Court has reviewed the Report and Recommendations, as well as the relevant pleadings and Plaintiff's objections to Report and Recommendation [DE 40]. The Court agrees with both Report and Recommendations. For the following reasons, they will be adopted.

Plaintiff's objection to the Report and Recommendation is that the September 2007 approval of his participation in the kosher meal program does not fully moot his motion for preliminary injunction, because he requested two forms of injunctive relief. He requests the Court order that he remain in the program for the pendency of this action, because he says he remains at risk of a summary denial of participation, which would result in irreparable harm.

"To demonstrate irreparable harm, the plaintiffs must show that . . . they will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) (citation omitted). Here, Plaintiff asserts only that he is in a "precarious position"" at risk of "being summarily denied kosher meals." However, he provides no factual basis for the Court to conclude that such action is imminent.

In fact, a review of Plaintiff's motion for preliminary injunction indicates otherwise. In the MDOC directive on this issue, Policy Directive 05.03.150, ¶ UU states that prisoners "*shall continue*

to be provided meals from the religious menu," subject to only two exceptions. Pl. Br., docket entry 6, Exh. B (emphasis added). Those exceptions are the prisoner's request for withdrawal from the program, ¶ VV; and a narrow non-compliance condition that requires notice and hearing before removal, ¶ WW. This directive applies directly to Plaintiff's situation, and protects his interests. Because Plaintiff has not demonstrated more than "speculative or unsubstantiated" harm, his objection does not alter the Court's decision to adopt the Report and Recommendation. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation [DE 40] is ADOPTED as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that Plaintiff's motion for preliminary injunction [DE 6] is DENIED.

IT IS FURTHER ORDERED that Report and Recommendation [DE 35] is ADOPTED as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that Defendant's motion to dismiss for improper venue [DE 9] is DENIED.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: March 6, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2008, by electronic and/or ordinary mail.

S/V. Sims for THERESA E. TAYLOR
Case Manager